NEW YORK PRACTICE REPORTS. 277

Metropolitan Elevated Railroad Co. agt. Manhattan Railway Co.

## SUPREME COURT.

METROPOLITAN ELEVATED RAILROAD COMPANY and SYLVESTER H. KNEELAND agt. THE MANHATTAN RAILWAY COMPANY and THE NEW YORK ELEVATED RAILROAD COMPANY.

*Injunction — New undertaking — Code of Civil Procedure, section 629, amendment of 1883 — When injunction order must be vacated — To whom application should be made.*

It is a condition precedent to the right of a judge to act under the amendment of 1883 to section 629 of the Code of Civil Procedure, that he should be satisfied that the alleged wrong or injury is not irreparable, and is capable of being adequately compensated for in money. Affidavits which are but expressions of opinion not furnishing the court with any facts upon which it can determine for itself whether the alleged wrong or injury is not irreparable, and whether it " is capable of being adequately compensated for in damages," are insufficient.

The fair and reasonable interpretation of the amendment to this section of the Code is, that the application for the vacation of the injunction should be made to the court or judge who hears the application to vacate or modify the injunction order.

Did the legislature intend that the injunction should be vacated where the court, after hearing both parties, had determined that the alleged agreement, the execution of which the injunction was designed to restrain, is absolutely null and void ? *Quære.*

*New York Chambers, June,* 1883.

THE action is brought to set aside the " merger agreement," and the motion before the court was to vacate, under the new amendment of the Code, a preliminary injunction restraining the carrying out of the agreement. Following is the opinion :

*David Dudley Field,* for motion.

*F. C. Barlow,* opposed.

LAWRENCE, *J.*—Assuming that this application is properly before me, it is a condition precedent to my right to act that I should be satisfied that the alleged wrong or injury is not

irreparable, and is capable of being adequately compensated for in money. Now in this case I have no data which enables me to determine either that the alleged wrong or injury is reparable, or that it can be adequately compensated for in money.

The affidavit of Mr. McWilliams, upon which the order to show cause was obtained, alleges that he is well informed as to the condition of the three companies, and that to the best of " my knowledge and belief no injury can arise to the plaintiff or its stockholders by the carrying out of the said merger agreement ; but if any injury to the plaintiff or its stockholders could possibly arise, it would not be irreparable, and would be capable of being adequately compensated for in money, and the defendants are ready and willing and offer to execute any undertaking, in such form and amount, and with such sureties as the court or judge shall direct, conditioned to indemnify the plaintiff against any loss sustained by reason of vacating the said injunction order."

This is but the expression of the opinion of Mr. McWilliams upon the subject. He furnishes the court with no facts upon which the court can determine for itself whether the alleged wrong or injury is not irreparable, and whether it " is capable of being adequately compensated for in damages " (*See chap.* 404 *of the Laws of* 1883).

The value of the stock of the several roads is nowhere stated in his affidavit, nor can I determine, even if I should reach the conclusion that the injury is not irreparable and that it can be compensated for in money, what the amount of the security to be given as a condition of the vacating of the injunction should be. The imperfect data presented to the court in this respect would require me to deny this motion ; but there are other grounds on which I am of the opinion that it should be denied. In the first place, I think that the fair and reasonable interpretation of the amendment to the Code (*chap.* 404 *of the Laws of* 1883) is, that the application for the vacation of the injunction should be made to the

Metropolitan Elevated Railroad Co. agt. Manhattan Railway Co.

court or judge who hears the application to vacate or modify the injunction order.

In this case, such a hearing had taken place before presiding justice DAVIS, who required the plaintiffs to be notified, and both parties were heard, and the application was denied. The case was subsequently argued before justice BARRETT on the return day, and the injunction continued by him without leave to renew being given to the defendants. The hearing contemplated by the amendment to the Code had been had at the time the order to show cause now under consideration was obtained. The statute nowhere says that it is to have a retroactive effect, nor that where the hearing had already been had at the time of the passage of the statute the enjoined party could apply to another justice to vacate the injunction. In the case before chief justice DALY, the hearing, if I correctly apprehend the facts, was in progress before him at the time. the act was passed. He was the "court or judge" having the application under consideration, and the case came, therefore, within the express terms of the statute. Another distinction between that case and the case at bar is that it related to the October agreements, and the damages arising from the carrying out of those agreements might be compensated for in money. Here the merger agreement is involved, by which, if carried into effect, the plaintiff, the lessor corporation, will be entirely merged into or absorbed by the Manhattan Company, the lessee corporation. It is difficult to see how such an obliteration of the plaintiff can be compensated for in money. And if it can be, as before stated, I have no data presented to me which will enable me to estimate the proper amount of pecuniary compensation.

Again, I am still strongly impressed with the conviction that the legislature did not intend that the injunction should be vacated where the court, after hearing both parties, had determined that the alleged agreement, the execution of which the injunction was designed to restrain, was absolutely null and void. The effect of vacating this injunction would be to

enable the defendants to carry out an agreement which the court has said is a nullity; in other words, to validate an alleged contract which the court has said is an invalid contract. It is said that as there has been no trial of this action that the decision in question was a mere expression of opinion on the part of the justice who rendered it. It was a decision made after hearing both parties, and it remains unreversed and is binding upon me sitting at chambers or special term. It is not, however, necessary to definitely decide this point, for the reason that the other considerations to which I have referred must lead to denial of the motion, with costs.